IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00187-BNB

JAMES E. ALDRIDGE, JR.,

Petitioner,

v.

UNITED STATES ATTORNEY GENERAL, and
AGENT WARDEN RENE GARCIA,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 29 2010

GREGORY C. LANGHAM
CLERK

## ORDER

Petitioner, James E. Aldridge, Jr., has filed *pro se* on March 23, 2010, a document titled "Appeal – Redress of U.S. Magistrate Order [28 USC § 1361, 1651, 1657]." Mr. Aldridge objects to the Order to Show Cause entered in this action by Magistrate Judge Boyd N. Boland on March 3, 2010. For the reasons stated below, the objections will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's Order to Show Cause is not clearly erroneous or contrary to law.

Mr. Aldridge has filed *pro se* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction on five counts of aiding and abetting the filing of false tax returns as well as the validity of ancillary civil tax fraud

proceedings. Mr. Aldridge was convicted in the United States District Court for the Western District of Missouri. In his March 3 order, Magistrate Judge Boland directed Mr. Aldridge to show cause why this habeas corpus action should not be dismissed because, to the extent he is challenging the validity of his criminal conviction, he has an adequate and effective remedy available to him in the sentencing court. On the other hand, to the extent Mr. Aldridge is challenging the ancillary civil tax fraud proceedings, Magistrate Judge Boland ordered him to show cause why those claims should not be dismissed because Mr. Aldridge may not challenge the ancillary civil proceedings in a habeas corpus action. Mr. Aldridge asserts in his objections filed on March 23 that he is not challenging the ancillary civil tax fraud proceedings in this action.

Although not stated clearly or concisely, the Court construes Mr. Aldridge's objections as raising three issues. First, Mr. Aldridge objects to Magistrate Judge Boland's order to show cause because he is not represented by counsel in this action. Second, Mr. Aldridge objects to the show cause order because he has not consented to have his case heard by a magistrate judge. Third, Mr. Aldridge objects because he believes that there is no authority authorizing an order directing him to show cause why this habeas corpus action should not be dismissed as opposed to an order directing Respondents to show cause why the petition should not be granted. Mr. Aldridge also asserts arguments in his objections that relate to the substance of Magistrate Judge Boland's show cause order.

Mr. Aldridge's objections will be overruled. First, the fact that Mr. Aldridge is not represented by counsel is not relevant to the issue of whether he may pursue his claims. "In most federal courts, it is the practice to appoint counsel in post-conviction

proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969).

Second, Mr. Aldridge's objection that he has not consented to have his case heard by a magistrate judge lacks merit. Pursuant to D.C.COLO.LCivR 72.1B.6., magistrate judges are authorized to perform the duties set forth in D.C.COLO.LCivR 8.2. Pursuant to D.C.COLO.LCivR 8.2C, a judicial officer shall review a pleading filed by a prisoner to determine if the pleading should be dismissed summarily. A magistrate judge is a judicial officer.

Finally, Mr. Aldridge's assertion that the Court lacks authority to order him to show cause why this action should not be dismissed is incorrect.

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, <u>unless it appears from the application that the applicant or person detained is not entitled thereto</u>.

28 U.S.C. § 2243 (emphasis added). The order to show cause directed to Mr. Aldridge is issued in furtherance of the Court's effort to determine whether the applicant is entitled to the requested writ.

As noted above, Mr. Aldridge also asserts arguments in his March 23 objections that relate to the substance of Magistrate Judge Boland's show cause order. Because it is not clear whether Mr. Aldridge has raised all of his substantive arguments in the March 23 filing, he will be allowed thirty days from the date of this order to file another response to Magistrate Judge Boland's show cause order in order to raise any additional arguments. Accordingly, it is

3

ORDERED that Petitioner's objections filed on March 23, 2010 are overruled. It is

FURTHER ORDERED that Petitioner shall have thirty (30) days from the date of this order to file a response to Magistrate Judge Boland's March 3, 2010 Order to Show Cause.

DATED at Denver, Colorado, this  29th   day of   March  , 2010.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00187-BNB

James E. Aldridge, Jr.
Reg No. 17282-045
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/29/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk