IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00187-ZLW

JAMES E. ALDRIDGE, JR.,

    Petitioner,

v.

UNITED STATES ATTORNEY GENERAL, and
AGENT WARDEN RENE GARCIA,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 22 2010

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Petitioner, James E. Aldridge, Jr., has filed *pro se* on June 16, 2010, a "Motion for Reconsideration . . ." asking the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on May 4, 2010. Mr. Aldridge also asks that a new judge be assigned to this case because the Court allegedly is biased and prejudiced against him. The Court must construe the motion liberally because Mr. Aldridge is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

The Court first will address Mr. Aldridge's request for assignment of a new judge. The Court will consider this request pursuant to 28 U.S.C. §§ 144 and 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any

adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Aldridge's allegation that the Court is biased and prejudiced against him is based solely on his disagreement with the Court's reasoning in the order dismissing this action. As a result, he fails to demonstrate that disqualification is appropriate pursuant

to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the request for assignment of a new judge will be denied.

The Court next will address Mr. Aldridge's motion to reconsider the order dismissing this action. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Because Mr. Aldridge's motion to reconsider was filed more than twenty-eight days after the Judgment was entered in this action on May 4, 2010, that motion properly is asserted pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Aldridge was convicted in the United States District Court for the Western District of Missouri on five counts of aiding and abetting the filing of false tax returns. He initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging both the validity of conviction as well as the validity of

3

ancillary civil tax fraud proceedings brought against him by the Internal Revenue Service. The Court dismissed Mr. Aldridge's claims challenging the validity of his criminal conviction because Mr. Aldridge failed to demonstrate the remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court is inadequate or ineffective. The Court dismissed Mr. Aldridge's claims challenging the ancillary civil tax fraud proceedings because those claims may not be raised in this habeas corpus action.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Aldridge fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Aldridge clearly disagrees with the Court's reasons for dismissing this action. However, the Court remains convinced that Mr. Aldridge is asserting claims challenging the validity of his criminal conviction, that he has an adequate and effective remedy available to him in the sentencing court for his claims challenging the validity of his criminal conviction, and that his claims challenging the validity of the ancillary civil tax fraud proceedings may not be raised in this habeas corpus action. Accordingly, it is

ORDERED that the "Motion for Reconsideration . . ." filed on June 16, 2010, is denied.

DATED at Denver, Colorado, this  21st  day of  June , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00187-ZLW

James E. Aldridge, Jr.
Reg No. 17282-045
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/22/10

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk