IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00187-ZLW

JAMES E. ALDRIDGE, JR.,

    Petitioner,

v.

UNITED STATES ATTORNEY GENERAL, and
AGENT WARDEN RENE GARCIA,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 15 2010

GREGORY C. LANGHAM
CLERK

## ORDER GRANTING MOTION TO AUTHORIZE TRANSFER

This matter is before the Court on Respondents' Motion to Authorize Petitioner's Transfer [Docket No. 24] filed on September 30, 2010. Although Petitioner was provided an opportunity to file a response to the motion, none has been received. For the reasons stated below, the motion will be granted.

Mr. Aldridge was convicted in the United States District Court for the Western District of Missouri on five counts of aiding and abetting the filing of false tax returns. He initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging both the validity of his conviction as well as the validity of ancillary civil tax fraud proceedings brought against him by the Internal Revenue Service. The Court dismissed Mr. Aldridge's claims challenging the validity of his criminal conviction because Mr. Aldridge failed to demonstrate the remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court is inadequate or ineffective. The Court dismissed Mr. Aldridge's claims challenging the ancillary civil tax fraud

proceedings because those claims may not be raised in this habeas corpus action. On July 16, 2010, Mr. Aldridge filed a notice of appeal from the Court's order dismissing this action. That appeal is pending before the United States Court of Appeals for the Tenth Circuit.

The Federal Rules of Appellate Procedure provide a mechanism that allows for the transfer of a prisoner seeking habeas corpus relief.

> **(a) Transfer of Custody Pending Review.** Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Fed. R. App. P. 23(a). "The purpose of Rule 23(a) is to prevent officials from frustrating an inmate's efforts to obtain habeas relief by physically removing him from the territorial jurisdiction of the court in which the petition is pending." *Strachan v. Army Clemency & Parole Bd.*, 151 F.3d 1308, 1313 (10th Cir. 1998). Pursuant to Rule 23(a), a custodian must demonstrate the need for a transfer by articulating "a legitimate, non-retaliatory reason independent of the litigation in support of" the motion to transfer. *Id.* The burden then shifts to the inmate to "establish that 'the transfer would deprive the court of jurisdiction or substantially complicate the conduct of the litigation.'" *Id.* (quoting *Ward. v. U.S. Parole Comm'n*, 804 F.2d 64, 66 (7th Cir. 1986)).

Respondents seek to transfer Petitioner to another prison outside Colorado for three reasons. First, Petitioner has been reclassified from low to minimum security and

the facility in which he is housed ordinarily houses only low security inmates. Second, the facility in which Petitioner is housed is preparing to implement a new sex offender management program which will necessitate the transfer of a number of inmates to create bed space for inmates participating in the new program. Third, the two minimum security facilities in Colorado currently are at capacity. The Court finds that these are legitimate, non-retaliatory reason independent of the litigation.

As noted above, Petitioner has not filed a response to the motion to transfer. As a result, he has not established that a transfer would deprive the court of jurisdiction or substantially complicate the conduct of the litigation. Furthermore, the Court notes that "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). Also, Respondents state that they will substitute the new custodian once the transfer is effectuated, which they cannot do in advance for security reasons. Therefore, the motion to authorize a transfer will be granted. Accordingly, it is

ORDERED that Respondents' Motion to Authorize Petitioner's Transfer [Docket No. 24] filed on September 30, 2010 is granted.

DATED at Denver, Colorado, this __12th__ day of __November__, 2010.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00187-ZLW

James E. Aldridge, Jr.
Reg No. 17828-045
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

Juan G. Villaseñor
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/15/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk